**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EDWARD AND EUGENIA KIRSCHNER ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 13–cv–1207–SCW |
| ) | |
| AERCO INT'L, INC., et al., including ) | |
| CRANE CO. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| vs. ) | |
| ) | |
| ILLINOIS TOOL WORKS et al. ) | |
| ) | |
| Cross-Claimants ) | |
| ) | |

## ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiffs' Motion for Dismissal of Defendant Crane Co. (Doc. 71). While Crane Co. has not filed a response, the body of that Motion indicates that Crane Co. has no objection. Additionally, Plaintiffs have filed two Motions for Remand. (Doc. 6)(Doc.8).

### MOTION TO DISMISS CRANE CO.

Although Plaintiffs have declined to cite the applicable law in their Motion, the Court assumes that Plaintiffs move for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides in pertinent part that an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper, except as provided by Rule 41(a)(1). Rule 41(a)(1), in turn (and with exceptions not relevant here), permits a plaintiff to dismiss an action without court order by filing a notice of dismissal before the opposing party serves an answer (or a

summary judgment motion). Plaintiffs do not suggest that dismissal pursuant to Rule 41(a)(1) is appropriate here.

The decision to grant a dismissal under Rule 41(a)(2) is within the district court's discretion. ***FDIC v. Knostman***, **966 F.2d 1133, 1142 (7th Cir. 1992);** ***Stern v. Barnett***, **452 F.2d 211, 213 (7th Cir. 1971);** ***Futch v. AIG, Inc.***, **No. 07-402-GPM, 2007 WL 1752200 at \*2 (S.D. Ill. June 15, 2007)**. Relevant factors may include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact a motion for summary judgment has been filed by the defendant." ***Pace v. Southern Express Co.***, **409 F.2d 331, 334 (7th Cir. 1969)**. The plaintiff bears the burden of persuasion on a Rule 41(a)(2) Motion. ***Futch***, **2007 WL 1752200 at \*2 (citing *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177-78 (7th Cir. 1994))**.

Clearly, Crane Co., which affirmatively agrees with Plaintiffs' Motion, will not suffer any legal prejudice if the Motion is granted. Additionally, while the procedural history strongly suggests that Plaintiffs' motive in dismissing Crane Co. is to divest this Court of jurisdiction, so that the case may be remanded to state court, remand at this point does not appear to prejudice the remaining defendants. ***See Stern v. Barnett***, **452 F.2d 211, 213 (7th Cir. 1971)("In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.");** ***In re Bridgestone/Firestone, Inc., ATX ATXII, & Wilderness Tires Prod. Liab. Litig.***, **199 F.R.D. 304, 306 (S.D. Ind. 2006)**. Removal does not vest the other Defendants with a continued right to a federal forum. ***See Grivas v. Parmlee Transp. Co.***, **207 F.2d 334, 337-38 (7th Cir. 1953) (removal of a case to federal court does not preclude a plaintiff from seeking voluntary dismissal in order to re-file his or her claims in state court)**. As discussed more fully below, here, the sole basis for federal jurisdiction is the defense raised by Crane Co. No other

defendant has asserted the federal officer removal statute at this time, and the main basis for Plaintiffs' claims remains Illinois state law. The other Defendants therefore, will not be prejudiced by having the state law claims against them tried in a state court. Additionally, this case is still in its infancy, meaning that few resources have been expended in litigating the case in the federal forum. Plaintiffs' motion, therefore, is **GRANTED**. The undersigned considers dismissal without prejudice proper. *See* **FED. R. CIV. P. 41(a)(2).** The case against the Crane Co. is therefore dismissed without prejudice pursuant to Federal Rule 41(a)(2). All parties shall bear their own costs.

### MOTIONS TO REMAND

Plaintiffs have also filed two Motions to Remand (Doc.6)(Doc.8) based on Crane Co.'s agreement to remand the case back to state court. Plaintiffs have not cited any case law that suggests that agreement is sufficient to deprive the federal courts of jurisdiction, however, Crane Co.'s dismissal changes the status quo. Crane Co. is the only defendant who originally removed this case to federal court. (Doc. 3).[1] In its Notice of Removal, Crane Co. indicated that it was doing so pursuant to 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer. The federal officer removal statute is an exception to the well-pled complaint rule, which requires federal jurisdiction to arise on the face of the complaint. ***Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012)(citing *Mesa v. California*, 489 U.S. 121, 136 (1989)).** No party has identified a ground for federal jurisdiction other than the federal officer removal statue, which as pled, applies only to Crane Co. Section 1442(a)(1) permits the removal of the entire case, even though the federal officer defense may not apply to all of the claims. ***Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 844 (S.D. Ill. 2006).** Additionally, no

---

[1] Removal of a case by a federal officer under 28 U.S.C. § 1442 does not require the consent of co-defendants, and permits removal even if the other defendants did not join the removal or waived their right to do so. ***See Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 842 (S.D. Ill. 2006);**

party has objected or responded to the pending Motions to Remand.  The time to do so having lapsed, the Motions are now ripe for disposition.

The claims not subject to the federal officer jurisdiction are subject to a type of ancillary jurisdiction. *Futch*, **2007 WL 175220 at \*4 (citing 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman,** *Federal Practice and Procedure* **§ 3727 (3d ed. 1998 & Supp. 2007))**.  The district court should consider principles of "comity, federalism, judicial economy, and fairness to litigants," when considering whether to continue to exercise jurisdiction over the ancillary claims after the anchor claim has dropped out. *Id.* **(quoting 14c Wright, Miller, Cooper & Steinman,** *Federal Practice & Procedure* **§ 3727 (collecting cases));** *see also Macias v. Kerr-McGee Corp.***, No. 92-C-3389, 1993 WL 524734 at \* 1 (N.D. Ill. December 14, 1993)(citing** *Carnegie-Mellon Univ. v. Cohill***, 484 U.S. 343, 357 (1998))**.  Many courts to consider the issue, including this one, have found that it is appropriate to remand the ancillary claims after the federal claims have dropped out. *Sullivan v. Conway***, 157 F.3d 1092, 1095 (7th Cir. 1998) ("[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court, although if all the federal claims drop out before trial, even as a consequence of Plaintiff's own voluntary dismissal, the district judge normally will relinquish jurisdiction over state-law claims.") (citations omitted);** *see also* **28 U.S.C. § 1367 (c)(3);** *Carr v. CIGNA Sec. Inc.***, 95 F.3d 544, 546 (7th Cir. 1996)("The general rule, when the federal claims fall out before trial, is that the judge should relinquish jurisdiction over any supplemental . . . state law claims in order to minimize federal judicial intrusion into matters of purely state law")**.

The Seventh Circuit has identified three circumstances where remand would be inappropriate: 1) where the statute of limitations would bar the refiling of claims in state court; 2) where substantial judicial resources have already been spent on the litigation; and 3) where the

outcome of the claims is obvious. *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (citing *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)). Where these exceptions do not apply, there is a reluctance to exercise jurisdiction over the remaining claims because of the strong interest of the state in enforcing its own laws. *Groce v. Eli Lilly& Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Kennedy v. Schoenberg Fisher & Newman, Ltd.*, 140 F.3d 716, 728 (7th Cir. 1998). In addition to the state's interest, the federal judiciary has also expressed a preference towards allocating its resources to cases that present federal claims. *Forbes v. Milwaukee County*, No. 05-C-591, 2007 WL 41950 at *19 (E.D.Wis. Jan. 4, 2007). In particular, there is a preference towards remand in asbestos cases where one defendant out of many removes to federal court based on a federal defense. *See Futch*, 2007 WL 1752200; *Madden v. Able Supply Co.*, 205 F.Supp.2d 695 (S.D. Tex. 2002).

Here, remand appears most appropriate. The only basis for federal jurisdiction is the federal defense of a now-dismissed defendant. No other defendant has raised the federal officer removal statute as a defense, or objected to remand. The remaining claims, which are numerous, concern issues solely of state law. Additionally, this case has been pending in federal court for less than two months, meaning that very few resources have been expended at this point in the litigation. Plaintiff has pled that he is in poor health and could receive an expedited trial setting if this case were to return to state court. (Doc. 8). No defendant has pled that they will be prejudiced by such a return. Therefore, for all of the above reasons, the Motions (Doc. 6)(Doc. 8) are **GRANTED**; the case is **REMANDED** to the Third Judicial Circuit state court, Madison County Illinois, Case No. 13-L-1744.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss (Doc. 71) is **GRANTED.** The Clerk of the Court is **DIRECTED** to **DISMISS** Crane Co. **without prejudice**. Additionally, the

Motions to Remand (Doc. 6) (Doc. 8) are **GRANTED**.  The remaining claims and defendants are **REMANDED** to the Third Judicial Circuit state court, Madison County, Illinois, Case No. 13-L-1744.  The remaining motions will remain pending for resolution by the state court judge.


    **IT IS SO ORDERED.**
    **DATE:** <u>January 6, 2014</u>               <u>*/s/ Stephen C. Williams*</u>
                                         **STEPHEN C. WILLIAMS**
                                         United States Magistrate Judge